Cunningham, Presiding Judge.
On March 13, 1909, the defendant in error filed its action in the county court to recover á balance claimed to be due on the purchase price of an electric motor. After issues joined the case was tried in the county court, resulting in a judgment in favor of the plaintiff for $261.21. Thereupon plaintiffs in error appealed their case to the district court where again judgment went against them for a like amount, from which judgment this appeal is prosecuted. There appears to be no question as to the amount of the judgment, providing 'the plaintiffs in error were liable at all, since the counsel stipulated or assented that the verdict, if a verdict was *456 rendered in favor of the plaintiff below (defendant in error here),-should be tbe same as that given in tbe county court. By consent of counsel for tbe respective parties tbe court instructed tbe jury orally, neither party tendering any instructions or saving any exceptions to tbe court’s instructions. The record is singularly free from objections to tbe introduction of testimony, inasmuch as practically every question to which tbe plaintiffs in error objected was withdrawn by counsel for defendant in error.
It is contended that we may not review tbe judgment in this cause because no exception was saved thereto. Since tbe briefs were filed in this case tbe legislature has amended tbe law pertaining to appeals and writs of error so that it is no longer necessary, in order to have a judgment reviewed, to save an exception thereto, and in express terms this provision is made to apply to all causes pending at tbe time of tbe adoption of tbe same, as well as to causes thereafter appealed from. See section 24, chapter 6, Session Laws 1911, page 18.
Tbe plaintiffs in error insist that they bad never purchased tbe motor, but bad originally rented it from tbe defendant in error, and that thereafter tbe plaintiff in error Olson had individually purchased tbe implement and paid therefor. Tbe testimony was conflicting, but was amply sufficient to sustain tbe verdict and judgment rendered thereon, and tbe judgment of tbe trial court will be affirmed.